SHELMADINE *v.* CITY OF ELKHART ET AL.

[No. 10,930. Filed February 18, 1921. Rehearing denied May 12, 1921.]

1. EVIDENCE.—*Judicial Notice.—Population of City.—Statutes.— Law Governing Municipal Police Force.*—The Appellate Court will take judicial notice that the city of Elkhart, at the time of the injury and death of a policeman for whose death compensation is sought under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), was a city having a population of between 10,000 and 35,000, and that its police force was established under, and regulated by, the act known as the Metropolitan Police Act of 1897 (Acts 1897 p. 90; §9033 *et seq.* Burns 1914), as amended by the acts of 1907 (Acts 1907 p. 284), 1909 (Acts 1909 p. 153), and 1911 (Acts 1911 p. 125). p. 495.

2. OFFICERS.—*Public Office.—Definition.*—A public office may be defined as a position to which a portion of the sovereignty of the state attaches for the time being, and which is exercised for the benefit of the public; the most important characteristic distinguishing an office from an employment being that the duties of the incumbent of an office must involve an exercise of some portion of the sovereign power. p. 495.

3. MASTER AND SERVANT.— *Workmen's Compensation Act.— "Employe."—Policeman.*—One appointed as a police officer by the city of Elkhart in accordance with the provisions of the Metropolitan Police Act of 1897 (Acts 1897 p. 90, §9033 *et seq.* Burns 1914), as amended by the acts of 1907 (Acts 1907 p. 284), acts 1909 (Acts 1909 p. 153), and the acts of 1911 (Acts 1911 p. 125), was a "public officer" and not an "employe" of the city within the terms of §76 of the Workmen's Compensa-

tion Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918), so that the city was not liable for compensation under such act. (Frankfort General Ins. Co. v. Conduitt [1920], 74 Ind. App. 584, distinguished.)   p. 495.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Lettie M. Shelmadine against the City of Elkhart and the State of Indiana. From an order denying compensation, the applicant appeals. *Affirmed.*

*Walter R. Arnold* and *Edward B. Zigler,* for appellant.

*Verne G. Cawley* and *Ele Stansbury,* Attorney-General, for appellees.

REMY, C. J.—This is an appeal from an order of the Industrial Board denying compensation to appellant for her husband's death, alleged to have been the result of an accident which arose out of and in the course of his employment as policeman. As stated in the order of the board, compensation was denied on the ground that appellant's decedent was "at the time of his injury and death a public officer, and was not an employe of the city of Elkhart."

That an employer, as defined by clause (a) of §76 of the Workmen's Compensation Act (Acts 1919 p. 175), includes municipalities, is not in dispute. Nor is it controverted, that appellant's decedent, at the time he received the injuries which resulted in his death, was in the discharge of his duties as policeman. That fact was, at the hearing, stipulated by the parties. The sole question for our consideration is, whether a policeman, appointed by the board of metropolitan police commissioners of the city of Elkhart, is an employe of the city within the meaning of the term "employe" as used in the Workmen's Compensation Act of this state.

The court will take judicial notice that the city of Elkhart, at the time of the injury and death of appellant's decedent, was a city having a population of between 10,000 and 35,000, and that its police force was established under, and regulated by, the act known as the Metropolitan Police Act of 1897, as amended by the acts of 1907, 1909, and 1911 (§§9033-9046 Burns 1914). This act provides for a board of metropolitan police commissioners with power to appoint policemen and fix their compensation within certain limitations; such appointees to serve during good behavior. The act also fixes the powers and duties of policemen so appointed.

A public officer may be defined as a position to which a portion of the sovereignty of the state attaches for the time being, and which is exercised for the benefit of the public. The most important characteristic which may be said to distinguish an office from an employment is, that the duties of the incumbent of an office must involve an exercise of some portion of the sovereign power. *Groves* v. *Barden* (1915), 169 N. C. 8, 84 S. E. 1042, L. R. A. 1917A 228, Ann. Cas. 1917D 316.

It is apparent, that the position of one appointed as a policeman by the board of metropolitan police commissioners in accordance with the provisions of said act of 1897, *supra,* comes within the above definition, and is a public officer. See *Hopewell* v. *State* (1899), 22 Ind. App. 489, 54 N. E. 127.

It is urged by appellant, however, that even if it be conceded that appellant's decedent was, at the time he met his death, a public officer, and was discharging his duties as such, still he was an employe of the city within the meaning of the word "employe" as used in the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918). This contention of

appellant's is without merit, as will be seen by an examination of the definition of the word "employe" as found in clause (b) of said §76 of said act, which clause is as follows: " 'Employe' shall include every person, including a minor, lawfully in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

It is clear that the term "hire" as used in this definition does not relate to public officers elected or appointed, and whose duties are fixed by law. Appellant's decedent, being a public officer whose duties were specifically prescribed by statute, was, under his oath of office, obligated faithfully to perform his official duties, and was subject to impeachment for failure so to do; but he was not the servant or employe of the city under any "contract of hire," either express or implied. *Little* v. *City of Richmond* (1916), 12 N. C. C. A. 1191; *People* v. *Sturgis* (1903), 79 N. Y. Supp. 969, 78 App. Div. 460. The case of *Frankfort General Ins. Co.* v. *Conduitt* (1920), 74 Ind. App. 584, 127 N. E. 212, does not, as assumed by appellant, decide the question presented by this appeal. In that case, this court held that an insurance carrier was estopped to deny that a city fireman was an employe of the city within the meaning of that term as used in the Workmen's Compensation Act, because it had by its policy of insurance issued to the city, intended to, and did, cover such fireman, and had accepted and retained the premium on said policy.

Appellant has cited some decisions of the courts of appeal of other states which hold that compensation may be allowed to policemen or their dependents. These decisions can be no authority on the question presented by this appeal, for the reason that the compensation acts

of those states contain special provisions not found in the Workmen's Compensation Act of this state.

The order of the Industrial Board is affirmed.