STATE EX REL. COFFING v. ABOLT.

[No. 25,526.   Filed March 6, 1934.]

*Robert H. McKinney, L. P. Little,* and *C. Lewis Green,* for appellant.

*Charles Remster* and *Smith, Remster, Hornbrook & Smith,* for appellees.

FANSLER, J.—This is an action in mandamus seeking a judgment requiring the Board of Commissioners of Fountain County to reinstate relator in what is called the office of Special Engineer for the construction of certain highways. A demurrer was sustained to the complaint or information. The only error assigned is predicated upon the ruling on the demurrer. Appellee has not seen fit to submit a brief, but, since the question involved is of public interest, we will decide the case upon its merits.

Section 11962, Burns 1926, §49-3309, Burns Ind. Stat. Ann. 1933, §5508, Baldwin's Ind. Ann. Stat. 1934, provides:

"It shall be the duty of such surveyor, whenever directed so to do by the board, to procure a copy of the original field notes of the townships in his county, have the same recorded, and hand them, as well as all other papers, maps, books and charts belonging to his office, over to his successor. Under the directions of the board of county commissioners, they shall have charge of all surveying and civil engineering work of the county in which they are severally located, including the preparation of plans and specifications for, and general supervision of, the construction of all bridges, turnpikes, or other roads, ditches, drains or levees, and all other surveying and civil engineering work within and for said county: Provided, however, That if

said county surveyor be not a competent civil engineer, then said board of commissioners, whenever any such improvement is petitioned for or ordered, shall appoint some competent civil engineer, other than the county surveyor: And, provided further, That such county surveyor shall have the right of a hearing as to his competency before the judge of the circuit or superior court of said county, when any such board refuses to appoint such surveyor as herein required, and the order of such judge shall be final and conclusive. (As amended, Acts 1911, p. 185)."

On the 5th day of May, 1925, the board of commissioners entered into the following contract with relator:

"This contract made and entered into this 5th day of May, 1925, by and between the Board of Commissioners of Fountain County, State of Indiana, and Floyd Coffing, a bona fide legal voter and resident of said county and State, a duly licensed civil engineer, WITNESSETH: That the said Floyd Coffing is hereby appointed and employed by said Board of Commissioners as Civil Engineer to take charge of and perform all the duties as such Civil Engineer incident to and involved in all preliminary work and steps and the construction of the following highways in Fountain County, to wit: The Isaac Riley et al. highway in Richland Township, the Ralph Strean et al. highway in Shawnee Township, and the Orren S. Rice et al. highway in Wabash Township, the contract for which last named highway is already let. Said Coffing is also hereby appointed and employed to do such work and services as Civil Engineer in Bridge Construction as he may from time to time be so authorized to do and perform by said Board of Commissioners.

That the said Floyd Coffing is to receive pay for said Civil Engineering at the sum and price of seven ($7.00) dollars per day and mileage at the rate of ten cents per mile, and all expenses necessarily incurred."

It is alleged that relator undertook the work and employment provided for in the contract and continued

to perform the same until the 8th day of February, 1927, when the board of commissioners issued an order dismissing relator, the order reciting that the acting county surveyor, J. D. Fine Boggs, "being a competent Civil Engineer and is entitled as such County Surveyor to the engineering work on all county improvements." He recites that the highways named in his contract of employment have not been completed, and insists upon his right to continue in the employment until the completion of the projects referred to, upon the theory that he is a public officer and cannot be removed except upon hearing and for cause.

The statute contemplates that if the surveyor is qualified he shall have charge of all surveying and engineering work under the direction of the board of county commissioners. Since the date of the contract and of the termination thereof, as alleged in the complaint, are approximately two years apart, and since the term of the surveyor is two years, it must be assumed that the surveyor, Mr. Boggs, had been re-elected and was serving upon a second term. If the elected surveyor had been in charge of the work involved he would have been superseded by an elected successor upon the expiration of his term if the successor were a qualified engineer. The construction of the highways in question apparently continued for more than two years, and more than the term of a county surveyor. It could not have been contemplated by the legislature that under such circumstances the disqualification of the surveyor in office when the projects were begun would prevent a successor who was a qualified engineer from enjoying all of the rights and privileges and performing all of the duties of the office to which he was elected.

But we cannot construe the statute as creating a public office.

"The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public;—that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches, for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer." Mechem on Public Officers, §4; *Shelmadine* v. *City of Elkhart et al.* (1920), 75 Ind. App. 493, 129 N. E. 878. Appellant concedes this to be the law.

The services to be rendered by appellant under his contract were under the direction of the board of county commissioners and subject to its control. He was not an officer exercising discretion or vested with independent powers. The contract upon which he relies recites that he is "appointed and employed," and while the word appointed as used in the statute is some times, if not generally, used in connection with the designation of one to an office, it is not always so used. It is often used to designate employment, as the appointment of a secretary, building custodian, janitor, etc. The duties of relator under his agreement were professional and technical, but so would be the duties of an architect employed by the board of county commissioners, or, perhaps, the manager of a county farm, and, still, these would not be officers, but employees. As used in this section, we must interpret the word appointed as meaning employed. The entire right of action depends upon relator being a public officer, his tenure of office extending until the completion of the work concerning which he was employed.

The demurrer was properly sustained.

Judgment affirmed.