REISSNER *v.* BOARD OF SCHOOL COMMISSIONERS
OF THE CITY OF INDIANAPOLIS.

[No. 15,633. Filed November 19, 1936. Rehearing denied
February 11, 1937.]

*Rappaport, Kipp & Lieber,* for appellant.

*White, Wright & Boleman* and *George C. Forrey III,*
for appellee.

DUDINE, J.—This is an appeal from an award of the
Industrial Board. Appellant filed an application for
compensation based upon the death of Frank L. Reiss-
ner, her husband.

So much of the finding and award of the Industrial
Board as is pertinent here is as follows:

> "The Full Industrial Board having heard the
> argument of counsel, having reviewed the evidence,
> and the stipulation taken at the original hearing,
> and being duly advised in the premises, now finds
> that on June 1, 1935, one Frank L. Reissner suf-
> fered an injury as the result of an accident, which
> resulted in his death on June 6, 1935. That at the
> time of his death the said Frank L. Reissner was
> living with his wife, Emma D. Reissner, who was
> totally dependent upon him for support. . . .
> "The Full Industrial Board now finds for the de-

fendant on plaintiff's application, that the said Frank L. Reissner was not an employee of the defendant within the meaning of the Indiana Workmen's Compensation Act.

## "ORDER

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana, that plaintiff shall take nothing by her complaint herein and that she shall pay the cost of this proceeding."

On appeal, appellant assigned as error that the award is contrary to law. Appellant contends the evidence conclusively shows that decedent was an employee of appellee at the time he received the injury, and that the injury was the result of an accident arising out of and in the course of such employment.

It was stipulated that:

"Decedent was at his desk in the office of the defendant at 150 North Meridian Street, Indianapolis, Indiana, and while holding a sharpened lead pencil in his hand, attempted to close a drawer in his desk by pushing the same, when the lead pencil punctured the palm of his right hand, penetrating into the flesh and creating a wound which bled slightly, and as the result of which Septicemia developed and plaintiff's decedent died. Said decedent described the accident and showed the injury to at least one other employee of the defendant, immediately after the accident, and approximately ten or fifteen minutes later, which was 11:55 A. M., Saturday, June 1st, 1935, decedent proceeded to go to the office of the City Treasurer to deposit with him certain funds belonging to the defendant. He did so deposit said funds with the Treasurer, and thereafter went to his home. Toward evening of said day, the injured hand began to pain and throb, and sometime during that night, decedent became violently ill, and continued to be violently ill until the time of his death. . . .

"Immediately prior to the accident, decedent was counting and preparing for deposit the money belonging to the defendant which was the proceeds

of the sale of milk and books belonging to the defendant.

"2. The decedent left surviving him as his sole and only dependent, his wife, Emma D. Reissner, fifty-nine years old, residing at 3925 North Delaware Street, Indianapolis, Indiana.

"3. The average earnings of the deceased at the time of the injury and death were Seventy-six Dollars and Ninety-two Cents ($76.92) per week."

It was further stipulated that:

"The cost of medical care, hospital service and supplies, for the decedent, was One Hundred Fifty-nine Dollars ($159.00). The defendant has paid nothing toward burial expenses which cost a total of Five Hundred and Eleven Dollars ($511.00)."

It was further stipulated that appellee elected and employed decedent as its secretary for a term of four years beginning April 11, 1935, "the terms, conditions and provisions of said employment . . . (to be) . . . in all respects in accordance with the laws and statutes of the State of Indiana pertaining thereto." (Quotations from employment contract.)

Sec. 8, Ch. 94, Acts of 1931 (Sec. 28-2308 Burns 1933, §6309 Baldwin's 1934) which was in effect at the time, authorized appellee board to elect and employ such secretary. Section 9 of said Act (§6310 Baldwin's 1934) contained the following provision:

"Secretary—Duties.—The secretary of the board shall keep all records and documents belonging to the board and shall attend the meetings of the board and transcribe in the minute book a true record of all of the board's proceedings and report upon all things coming under the supervision of his office." (Sec. 28-2309 Burns 1933.)

It was further shown by uncontradicted evidence "that decedent had charge of the milk fund, book fund and petty cash fund; that he kept and made entries in the bank record, the sinking fund record, trust fund record, construction contract record, and tuition trans-

fer record; that he worked under directions of the Business Director of appellee; that decedent was required to work from 8:00 A. M. to 12:00 Noon and from 1:30 P. M. to 5:00 P. M. daily as other employees; that "seventy-five to eighty per cent of his time was devoted to duties other than the secretarial work he did . . ."

This court is called upon to determine whether or not the evidence, as a matter of law, shows that decedent was an employee of appellee within the meaning of the Workmen's Compensation Act.

The Indiana Workmen's Compensation Act defines an employee as follows:

"(b) The term 'employee' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. . . .

Appellee contends that decedent was not an "employee" but a public officer and cites *Shelmadine* v. *City of Elkhart* (1920), 75 Ind. App. 493, 129 N. E. 878; *State of Indiana* v. *Nattkemper* (1927), 86 Ind. App. 85, 156 N. E. 168; and *Brinson* v. *Board of School Commissioners of Owen County* (1933), 97 Ind. App. 354, 186 N. E. 891, in support of said contention. In the first of said cases this court held that a police officer was not an "employee" of a city because "the most important characteristic which may be said to distinguish an office from an employment is, that the duties of the incumbent of an office must involve an exercise of some portion of the sovereign power," and a police officer does exercise sovereign power. In the second case this court held that a game warden was not an "employee" for the same reason. In the third case this court held that an assistant county highway superintendent was not an employee of the county for the same reason.

The statute (Sec. 28-2309 Burns 1933, sec. 6310 Baldwin's 1934, *supra*) which fixed the duties of the secretary of appellee, did not vest any sovereign powers in the secretary. The record does not show that the secretary was exercising any sovereign power at the time of the injury.

We hold that under the stipulated and uncontradicted evidence in this case, decedent was an "employee," within said statutory definition of the term.

The award of the Industrial Board is reversed with instructions that the Industrial Board enter an award in favor of appellant against appellee, for compensation at the rate of $16.50 per week, during the period of her sole dependency upon decedent, not exceeding three hundred (300) weeks, that all past due payments be paid in a lump sum, that appellee pay $159.00 for cost of medical care, hospital service and supplies for decedent, and that appellee pay $100.00 as part of decedent's funeral expenses.