MOSBY *v.* BOARD OF COMMISSIONERS OF VANDERBURGH COUNTY.

[No. 19,484. Filed November 8, 1962. Rehearing denied January 3, 1963.]

*James D. Lopp, William D. Stephens* and *Jack E. Caine,* all of Evansville, for appellant.

*J. William Davidson, James M. Buthod* and *Claude B. Lynn,* all of Evansville, for appellee.

Ax, J.—Carl E. Mosby brought an action against the Board of Commissioners of Vanderburgh County to recover damages sustained by him as a result of the breach of a written contract of employment entered into between himself and the Vanderburgh County Park Board, which had been appointed by the Board of Commissioners pursuant to Ind. Ann. Stat. §26-1552 (Burns' 1960).

The allegations of fact are as follows: In accordance with Ind. Ann. Stat. §26-1558 (Burns' 1960), the Park Board had appointed Mr. Mosby as Park Manager for three years, the term expiring February 23, 1959. On November 7, 1958, appellant Mosby was given another three year contract which was to begin the same day three and one-half months before his original term was to expire, and continue to November 7, 1961. On February 23, 1959, when appellant's original term would have expired, he was discharged. Appellant brought this action for lost wages occasioned by the alleged wrongful discharge to which a demurrer was sustained for lack of sufficient facts to constitute a cause of action.

The main question presented by the appeal is whether appellant was an officer or an employee. This involves interpretation of Ind. Ann. Stat. §26-1558 (Burns' 1960), which reads as follows:

"The county park board shall appoint a park manager for a term not exceeding four [4] years and shall further prescribe the duties and fix the compensation of such park manager and such other employees as may be necessary for the discharge of the duties and responsibilities of such board . . ."

Appellant contends that the position of Park Manager is that of an "employee," not an officer, and that it is immaterial whether a vacancy existed in the office at the time of the contract. He asserts in the alternative that the Park Board is an agent for the county, possessing contracting powers.

Appellee counters that the position of Park Manager is that of an "officer" and that an appointment to fill the office is void since there was no vacancy. Appellee denies that the Park Board can act as an agent since it has no legal entity apart from the county. This latter contention does not avail appellee because his argument was based on a case which has since been reversed on other grounds: *Flowers* v. *Board of Commissioners of Vanderburgh County* (1959), 160 N. E. 2d 217, reversed (1960), 240 Ind. 668, 168 N. E. 2d 224.

It is true that "an appointment to fill a vacancy in an office is void when there is no vacancy." *McGurik* v. *State ex rel. Gottschalk* (1930), 201 Ind. 650, 659, 169 N. E. 521. One can not forestall the rights of his successor by making an appointment to fill an office which would be vacated during the term of the appointing officer's successor. *Hansen* v. *Town of Highland* (1958), 237 Ind. 516, 147 N. E. 2d 221.

This rule originated in Indiana over section 3, article 15 of the State Constitution which provides that

an officer shall hold his office during his term "and until his successor shall have been elected and qualified." The Supreme Court, in *Kimberlin* v. *State ex rel. Tow* (1892), 130 Ind. 120, 29 N. E. 773, held that if the officer-elect dies before he qualifies for the office, the office is not vacant so as to allow an appointment, but that the incumbent continues in office until a successor is elected and qualified. The rule that an appointment to fill a vacancy in an office is void when there is no vacancy has never been applied to employees. All of the cases cited by the appellee concern public officers: *Shelmadine* v. *City of Elkhart* (1921), 75 Ind. App. 493, 495, 129 N. E. 878 (policeman); *State of Indiana, Conservation Department* v. *Nattkemper* (1927), 86 Ind. App. 85, 156 N. E. 168 (game warden); *Wells* v. *State ex rel. Peden* (1911), 175 Ind. 380, 94 N. E. 321 (school trustee).

An office, as opposed to an employment, is a position for which the duties include the performance of some sovereign power for the public's benefit, are continuing, and are created by law instead of contract. *Wells* v. *State, supra.*

Generally, one who holds an elective or appointive position for which public duties are prescribed by law is a "public officer." *Brinson* v. *Board of Commissioners of Owen County* (1933), 97 Ind. App. 354, 186 N. E. 891. In the *Brinson* case, an assistant county highway superintendent was held to be a public officer. His *duties, as defined in the statute*, consisted of executing a bond, making monthly inspection of roads, repairing breaks and defects and keeping the road bed free from ruts, chuck holes and depressions, and keeping ditches open for proper drainage. No specific duties, other than executing a

bond, are mentioned in the statute concerning the Park Manager in the instant case.

An officer is also distinguished by his power of supervision and control and by his liability to be called to account as a public offender in case of malfeasance in office. *State ex rel. Wickens, Prosecutor* v. *Clark* (1935), 208 Ind. 402, 196 N. E. 234.

The superintendent of the county asylum was held to be an employee in *State ex rel. Wickens, supra,* primarily because the Board of the County Commissioners retained supervision and control. The superintendent was merely an agent who advised the Board and exercised no sovereign power himself. Again, in *State ex rel. Black* v. *Burch* (1948), 226 Ind. 445, 80 N. E. 2d 294, rehearing denied 226 Ind. 445, 81 N. E. 2d 850, the Superintendent of Maintenance of the Highway Commission was held not to be a public officer because he was "acting under the direction of the commission."

In the instant case, the "county park board . . . when established, shall have the management and control of the . . . park." Ind. Ann. Stat. §26-1552 (Burns' 1960). The park board is then to appoint a park manager and "further prescribe the duties . . . of such park manager and such *other employees* as may be necessary for the discharge of the *duties and responsibilities* of such board." (Italics added.) Ind. Ann. Stat. §26-1558 (Burns' 1960.) It is apparent that the board, not the manager, has supervision and control over the park.

The Park Manager, as well as other "employees" had to execute a bond, but did not take an oath.

Judge Treanor, in *State ex rel. Wickens, supra,* ruled that the superintendent of a county asylum was an employee because, as in the instant case, although he executed a bond, he took no oath and exercised no sovereign power. The oath and bond, being mere incidents, and not requirements, of public office, do not serve as absolute guides in determining the character of a position. However, their absence is strong evidence, when considered with other criterion, that the position is one of employment rather than public office. Accord, *City of Lexington* v. *Thompson* (1933), 250 Ky. 96, 61 S. W. 2d 1092, 1094; *State ex rel. Landis* v. *Board of Commissioners of Butler Co.* (1917), 95 Ohio St. 157, 115 N. E. 919 (dictum).

The title of Ind. Ann. Stat. §26-1558 (Burns' 1960) is "Counties of 140,000 to 170,000 population—Park manager—Term of *office—Employees* compensation." (Italics added). The appellee argues that the word "office" in the title labels the Park Manager an officer. Nomenclature in a statute designating a position an officer or employee is not controlling. *Coulter* v. *Pool* (1921), 187 Cal. 181, 201 Pac. 120. It is merely evidence of the title and not controlling on the character of the position which depends upon the power granted and duties performed. Besides, the title also reads *"employees* compensation," and the substantive text of the statute refers to the "park manager and such *other employees* as may be necessary." (Italics added).

The appellee further argues that the word "appoint" in the statute indicates that the position is that of an office. In *State ex rel. Coffing* v. *Abolt* (1934), 206 Ind. 218, 222, 189 N. E. 131, 133, the Supreme Court held:

". . . while the word *appointed* as used in the statute is sometimes, if not generally, used in connection with the designation of one to an office, it is not always so used. It is often used to *designate employment*, as the appointment of a secretary, building custodian, janitor, etc. The duties of relator under his agreement were professional and technical, but so would be the duties of an architect employed by the board of county commissioners, or, perhaps, the *manager of a county farm*, and, still, these would not be officers, but *employees* . . ." (Italics added).

Consequently it is our opinion that appellant is an employee and is not subject to the rule that "an appointment to fill a vacancy in an office is void when there is no vacancy." Since an "appointment" may refer to the hiring of an employee, the park board has the power to hire a park manager under the statute.

Having disposed of the main question presented herein, upon examination it appears that the complaint contains sufficient facts to constitute a cause of action.

Judgment is reversed.

Cooper, P. J., Myers, J., concur.

Ryan, J., concurs in result only.

NOTE.—Reported in 186 N. E. 2d 18.