**David RUSH, Appellant (Plaintiff Below),**

**v.**

**Mary Helen CARTER, et al., Appellees (Defendants Below),**

**v.**

**M.F. RENNER, Appellee (Third-Party Defendant Below).**

No. 1–1283A373.

Court of Appeals of Indiana, First District.

Sept. 11, 1984.

Rehearing Denied Oct. 11, 1984.

Transfer Denied Nov. 30, 1984.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Daniel F. Kelly, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

The plaintiff-appellant, Rush, appeals from an adverse ruling on a motion for summary judgment.

By agreement and stipulation of the parties the cause was submitted on an agreed statement of facts by way of cross motions for summary judgment tendered by Rush and the defendant-appellees, Mary Helen Carter, et al. (Carter).[1]

Rush was a duly appointed, qualified and acting Montgomery County Police Officer, hired on or about August 15, 1978. Rush entered the campaign for Montgomery County Councilman and was elected on November 2, 1982, and was to assume office as of January 1, 1983. Because of the controversy challenging his eligibility to be both a county policeman and county councilman, Rush chose not to be sworn in on December 31, 1982.

The trial court rendered a written opinion in granting summary judgment for Carter which held, among other things, that a county deputy sheriff who runs for and is elected to a post on the county council violates that portion of the Indiana constitution which forbids a person from holding two offices; that such act violates the spirit of the constitution and the common law; and that such act invites a conflict of interest and is against public policy.

The sole issue raised by Rush is whether the judgment is contrary to law.

The primary disagreement which Rush registers with the trial court's decision is the reliance upon the theory that county police are public officers under the holding of *Applegate v. State ex rel Pettijohn,* (1933) 205 Ind. 122, 185 N.E. 911. *Applegate* holds that deputy county officers are "public officers" and that they are not mere clerks or employees. Rush argues such a determination is in direct conflict with IND.CODE 36-8-10-4 which states that the members of the county police force are employees of the county. Rush further observes that IND.CODE 36-8-10-11 states: "In addition, an officer may be a candidate for elective office." Also, Rush places some consideration on comparisons between a county police officer and that of a municipal policeman emphasizing the employee/employer relationship with the city government. *See: Wencke v. City of Indianapolis,* (1981) Ind.App., 429 N.E.2d 295.[2]

It is Carter's position that the contemporaneous holding of the position of a county councilman and county police officer or deputy sheriff violates the letter and spirit of the state constitution, as well as several statutes, is violative of the common law, and is a conflict of interest and against public policy.

If the consideration of the law in this case by the reviewing court were one of constitutional interpretation within the sole context of Article 2, § 9, which forbids the dual holding of lucrative offices, it may well be that Rush could prevail. Certainly the strong point in his favor is the comparatively recent legislation changing the status of members of a county sheriff's department from the traditional concept of sheriff's deputy into that of a professional police officer, the latter comparing favorably in many respects with the employer-employee relationships associated with municipal police and fire departments and the state police. *See: Wencke, supra.*

It could also be observed that if a county police officer sought election to, as an ex-

---

1. The defendants were Carter, who was Montgomery County Auditor, the three Montgomery County Commissioners, and a third party defendant who is State Examiner for the State Board of Accounts.

2. It should be observed, however, that 1983 Op. Atty.Gen. 5 and the several authorities cited therein cast a strong doubt about whether a city policeman or fireman can serve as a member of the city council.

ample, a school board or city council, I.C. 36–8–10–11 would sanction the act, and because of separate governmental entities and non-related duties and responsibilities between the two positions the problems attendant to the case at hand should not be present.

However, Article 3, § 1, of the state constitution provides:

> The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another ....

■■ We are of the opinion that the contemporaneous holding by the same person of positions on the county council and as a county policeman is violative of this constitutional provision. Because a county is an involuntary political or civil division of the state government, *Applegate, supra,* we are of the further opinion that Rush is bound by that constitutional provision in the same manner as state employees and officers.

■■ Generally, it should be noted that Article 3, § 1, is strictly construed. *Warren v. Indiana Tel. Co.,* (1940) 217 Ind. 93, 26 N.E.2d 399. The object of the separation of powers is to preclude a commingling of three essentially different powers in the same hands in the sense that the acts of each shall never be controlled by or subjected directly or indirectly to the coercive influence of either of the others. *State ex rel. Black v. Burch,* (1948) 226 Ind. 445, 80 N.E.2d 294. The obvious constitutional frailty under the facts of this case is that Rush as a county council member (a member of the legislative branch) would have, in some degree, fiscal control over, Rush the county policeman (a member of the executive branch) as well as the rest of the county police department. We believe this is the mischief sought to be avoided by the holding of *Black, supra.*

■ Because we may sustain the trial court on any theory found in the record,

*Havert v. Caldwell,* (1983) Ind., 452 N.E.2d 154, and, because we find that the trial court did not err in its determination that a violation of the separation of powers concept prevents Rush from holding both positions, we need not address the remaining arguments raised by the parties.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.