Mark SCHLOER, Appellant
(Respondent Below),

v.

Janet MORAN and Lake County
Election Board, Appellees
(Petitioners Below).

No. 3–384A78.

Court of Appeals of Indiana,
Third District.

March 28, 1985.
Rehearing Denied May 14, 1985.

James L. Wieser, Highland, for appellant.

William J. Moran, Highland, for appellee Janet Moran.

Edward H. Feldman, Crown Point, for appellee Lake County Election Bd.

HOFFMAN, Judge.

Appellant Mark Schloer is, and has been at all times pertinent to these proceedings, employed by the City of Hammond as a police officer. In addition, Schloer was a candidate for City Council in the 4th District of the City of Hammond at the November 8, 1983 election. After the election ended in a tie, the other candidate, appellee Janet Moran, filed a petition for recount on November 17, 1983. On December 12, 1983, Moran amended her petition by alleging that Schloer was ineligible to be a candidate for, or to serve as a city councilman.

At a hearing held December 14, 1983, Schloer made an oral motion to dismiss Moran's amended petition based on two grounds: 1) that IND.CODE § 36–8–3–12 specifically permits police officers to be candidates for elective office; and 2) that the issue is not ripe for review pursuant to IND.CODE § 3–1–28–1 until, and only if, Schloer would be declared the winner. The trial court denied Schloer's motion, and a hearing then took place on the issues contained in Moran's petition. The trial court subsequently rendered judgment in favor of Moran and ordered the Clerk to certify her as the election's winner. That judgment contained the following determination:

"3. That the Respondent Schloer is not eligible to serve as a member of the City Council, the legislative branch of the City of Hammond, because of his employment as a policeman in the executive branch of the City of Hammond, Indiana."

While the judgment was amended after motions to correct error had been filed, the above determination remained intact. Schloer now appeals the judgment. One issue is dispositive of this appeal: whether the trial court erred in determining that a city police officer may not serve as a member of the city council.

Schloer contends that IND.CODE § 36–8–3–12 permits a city police officer to run for and to serve as a city councilman. The statute provides:

"Members of the safety board and members of the police or fire department may

be candidates for elective office and may, as long as they are not in uniform and not on duty, solicit votes and campaign funds and challenge voters for the office for which they are candidates."

While the statute does allow police officers to be candidates for elective offices, it is nevertheless limited by our Constitution's separation of powers requirement. As this Court stated in *Rush v. Carter* (1984), Ind. App., 468 N.E.2d 236, at 238:

> "The object of the separation of powers is to preclude a commingling of three essentially different powers in the same hands in the sense that the acts of each shall never be controlled by or subjected directly or indirectly to the coercive influence of either of the others. *State ex rel. Black v. Burch,* (1948) 226 Ind. 445, 80 N.E.2d 294. The obvious constitutional frailty under the facts of this case is that Rush as a county council member (a member of the legislative branch) would have, in some degree, fiscal control over, Rush the county policeman (a member of the executive branch) as well as the rest of the county police department. We believe this is the mischief sought to be avoided by the holding of *Black, supra.*"

The mischief sought to be avoided in *Rush* is no different than in the present case. Therefore, it is a matter of law in Indiana that a city police officer may not serve as a member of the city council. As the trial court did not err in this determination, we need not address the other issues presented in this appeal.

Affirmed.

STATON, P.J., and GARRARD, J., concur.