**Elvis GASKIN, Appellant–Defendant,**

v.

**Ronald E. BEIER, Appellee–Plaintiff.**

**No. 41A05–9303–CV–115.**

Court of Appeals of Indiana, Fifth District.

Oct. 18, 1993.

John C. Ruckelshaus, M. Elizabeth Bemis, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant-defendant.

Irwin B. Levin, Marilyn A. Moores, Steven J. Halbert, Cohen & Malad, P.C., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

May an individual simultaneously serve both as a member of the Town Board of Trustees and as the Town Deputy Marshal? In a suit for injunctive relief brought by Ronald Beier, the Town Marshal, the trial court held that Elvis Gaskin, the Edinburgh Deputy Marshal who also served on the Edinburgh Town Board of Trustees, could not serve both posts. Accordingly, the trial court permanently enjoined Gaskin from "voting on any matter before the Edinburgh Town Council or Board of Trustees of the Town of Edinburgh or from in any manner performing any duties associated with said position." (R. 155).[1] The issue presented on appeal is whether the trial court abused its discretion in granting the injunction.

We reverse.

### FACTS

The parties stipulated to the following facts. Ronald Beier was appointed Edinburgh Town Marshal on January 25, 1988. Elvis Gaskin was appointed Deputy Town Marshal on January 5, 1983. In 1987, while still serving as deputy marshal, Gaskin was elected to the Board of Trustees. As a trustee, he has voted on police matters such as town budgets, including the budget for the Town Marshal, and the ability of deputy marshals to take their marked patrol cars home. As deputy marshal, Gaskin's duties include making arrests for violations of state statutes and town ordinances. He is also empowered to take such violators before a court and to retain them in custody. In 1991, Gaskin received $26,340.70 as deputy marshal and $3,878.76 as a trustee.

As Town Marshal/Chief of Police, Beier was eligible to hold membership, and did in fact hold a membership, in the National Association of Chiefs of Police. When this dispute began, Beier was being considered as a candidate for president of that organization. Holding this post, however, was conditioned upon his remaining Chief of Police. At a Board of Trustees meeting held on January 27, 1991, Gaskin expressed his intent to vote on, and in favor of, any motion made to the Board to remove Beier.

On September 11, 1992, Beier filed a Verified Complaint for Preliminary Injunction and Permanent Injunction, alleging that the Board of Trustees was going to vote on whether to retain him as Chief of Police. He alleged that it violated Article II, § 9 of the Indiana Constitution for Gaskin to be the deputy marshal as well as a trustee. He also alleged that Ind.Code 36–8–3–12, which permits law enforcement officials to hold elective offices, violated Indiana's constitution. Beier sought a preliminary and a permanent injunction to prohibit Gaskin either from voting on any matter involving the Edinburgh Police Department or from serving on the Board of Trustees. Beier also sought a temporary restraining order. In an amended complaint, Beier alleged that Gaskin violated Article III, § 1 of the Constitution and that Gaskin engaged in a conflict of interest.

The court granted the temporary restraining order and, after consideration,[2] permanently restrained and enjoined Gas-

---

1. In response to Gaskin's "Petition to Suspend or Modify Permanent Injunction Pending Appeal," (R. 158), the trial court modified the injunction as follows:

 Pending appellate disposition herein, ELVIS E. GASKIN, Defendant named herein, is hereby allowed to remain duly elected Edinburgh Town Board Member however he is prohibited from in any manner directly or indirectly acting in any capacity as Board Member as allowed by Town Ordinance or as permitted pursuant to Indiana Code 36–5. If the Defendant chooses to resign as Deputy Town Marshall then this Order becomes moot because the conflict of interest would no longer exist. (R. 176).

2. The parties waived hearing and agreed to submit the matter to the court on stipulated facts and briefs.

kin from acting in any capacity as a member of the Board of Trustees as long as he is also employed by Edinburgh's executive branch of government.

## DISCUSSION

A prohibitory injunction is an extraordinary equitable remedy which should be granted with caution. *Irwin R. Evens & Son, Inc. v. Bd. of the Indianapolis Airport Authority* (1992), Ind.App., 584 N.E.2d 576, 583. The burden is on the plaintiff to demonstrate injury which is certain and irreparable if the injunction is denied. *Id.* In making its decision, the trial court must weigh the harm to the defendant if the injunction is issued against the harm to the plaintiff if the injunction is denied. *Id.* at 584. The grant or denial of an injunction is within the discretion of the trial court, and will not be overturned unless it is arbitrary or amounts to an abuse of discretion. *Id.* Gaskin does not argue that Beier has failed to show that Beier would be irreparably harmed if the injunction were denied; rather, he attacks the legal basis on which the injunction was granted.

The trial court determined that I.C. 36–4–4–2 prohibited Gaskin from serving both as a deputy marshal and a trustee. Gaskin contends that this is error because I.C. 36–4–4–2 is only applicable to city government and not to town government. This statute provides:

The powers of a city are divided between the executive and legislative branches of its government. A power belonging to one (1) branch of a city's government may not be exercised by the other branch.

The terms "city" and "town" are classified in the statute as follows:

Municipalities are classified according to their status and population as follows:

| STATUS AND POPULATION | CLASS |
|---|---|
| Cities of 250,000 or more | First Class cities |
| Cities of 35,000 to 249,999 | Second Class cities |
| Cities of less than 35,000 | Third Class cities |
| Other municipalities of any population | Towns |

The terms "city" and "town," therefore, are specifically defined in the statute and we must give effect to the meanings assigned the words in the statute. *See Sidell v. Review Bd. of Ind. Employ.* (1981), Ind. App., 428 N.E.2d 281. Because I.C. 36–4–4–2 uses the term city only, we cannot assume, as did the trial court, that this section applies to towns as well. In fact, an examination of the statutory scheme reveals that such is not the case. Title 36 of the Indiana Code is devoted to "Local Government." Article 4 of this title is entitled "Government of Cities and Towns Generally." The eleven chapters into which Article 4 is separated each designate to which type of municipality the chapter applies: chapters 1 and 2 apply to all municipalities, I.C. 36–4–1–1 and I.C. 36–4–2–1; chapter 3 applies to all municipalities except consolidated cities, I.C. 36–4–3–1; chapter 4 applies to all cities, I.C. 36–4–4–1; and chapters 5 through 7 and 9 through 11 all apply to second and third class cities. (Chapter 8 covers the classification of cities).

This statutory scheme demonstrates that the legislature intended certain provisions to apply only to cities. According to I.C. 36–4–4–1, chapter 4 applies only to cities. Thus, I.C. 36–4–4–2 does not, as the trial court concluded, apply to cities and towns. Edinburgh is a town. Therefore, we agree with Gaskin that the court erred in determining that I.C. 36–4–4–2 applied to towns, and that Gaskin is prohibited from serving as trustee by virtue of this statute.

Gaskin argues that I.C. 36–8–3–12 permits him to hold office on the Board of Trustees while serving as deputy marshal. This statute, which became effective in its present form in 1987, provides:

Members of the safety board and members of any township, town, or city (including a consolidated city) police department, fire department, or volunteer fire company (as defined by IC 36–8–12–2) may:

1) be candidates for elective office and serve in that office if elected;

2) be appointed to any office and serve in that office if appointed; and

3) as long as they are not in uniform and not on duty, solicit votes and campaign funds and challenge voters for the office for which they are candidates.

In *Schloer v. Moran* (1985), Ind., 482 N.E.2d 460, cited by Beier, the court addressed whether the previous version of this statute would prevent a police officer from being a candidate for office. The previous version of this statute provided:

Members of the safety board and members of the police or fire department may be candidates for elective office and may, as long as they are not in uniform and not on duty, solicit votes and campaign funds and challenge voters for the office for which they are candidates.

The court held that while I.C. 36–8–3–12, as it existed at that time, would prevent the police officer from serving in office, it did permit the police officer to be a *candidate* for office. The statute as amended, however, specifically permits a member of the safety board of any township, town or city to be a candidate for and to serve in elective office.

■ Beier also argues that I.C. 36–8–3–12 contravenes Article II, § 9 of the Indiana Constitution:

No person holding a lucrative office or appointment under the United States or under this State is eligible to a seat in the General Assembly; *and no person may hold more than one lucrative office at the same time;* except as expressly permitted in this Constitution. Offices in the militia to which there is attached no annual salary shall not be deemed lucrative.

The question is whether the office of trustee and of deputy marshal are both lucrative offices. A "lucrative office" is defined as "an office to which there is attached a compensation for services rendered." *Book v. State Office Building Comm.* (1958), 238 Ind. 120, 149 N.E.2d 273, 289. Both parties agree that Gaskin received compensation for both positions and that the position on the Board of Trustees is a lucrative office. However, Gaskin argues that the deputy marshal is not an "office" within the meaning of Art. II, § 9.

The distinction between a "public officer" and an "employee" has been explained by this court as follows:

An office, as opposed to an employment, is a position for which the duties include the performance of some sovereign power for the public's benefit, are continuing, and are created by law instead of contract.

Generally, one who holds an elective or appointive position for which public duties are prescribed by law is a "public officer." ...

An officer is also distinguished by his power of supervision and control and by his liability to be called to account as a public offender in case of malfeasance in office.

*Mosby v. Bd of Comm'rs of Vanderburgh Co.* (1962), 134 Ind.App. 175, 178–79, 186 N.E.2d 18, 20–21 (citations omitted).

■ We conclude that a deputy marshal is an employee rather than a public officer. A town is not required to have a deputy marshal; rather, the "town legislative body may by ordinance authorize the marshal to appoint deputy marshals." I.C. 36–5–7–6. Unlike the marshal, who is appointed by the town legislative body, I.C. 36–5–7–2, the deputy marshal is appointed by the marshal. Further, the town legislative body fixes the amount of bond, compensation, and term of service of deputy marshals, subject to the town marshal's ability to remove the deputy marshal at any time. I.C. 36–5–7–6(c). However, a deputy marshal who has been employed by the town for more than six months may only be dismissed if the procedure prescribed by I.C. 36–8 is followed. I.C. 36–5–7–6(c); 35–5–7–3.

■ This court has held that city police officers are not "officers" but employees whose relationship with the city is strictly contractual. *State ex rel. Crooke v. Lugar* (1976), 171 Ind.App. 60, 354 N.E.2d 755. *See also Wencke v. City of Indianapolis* (1981), Ind.App., 429 N.E.2d 295; *Foley v. Consolidated City of Indianapolis* (1981), Ind.App., 421 N.E.2d 1160; *contra, Shel-*

madine v. City of Elkhart (1921), 75 Ind. App. 493, 129 N.E. 878 (city policeman an officer and not an employee for the purpose of Workman's Compensation Act). The position of deputy marshal is similar to that of city police officer. The duties of both are similar. See I.C. 36–5–7–4 (deputy marshals); I.C. 36–8–3–6 (police officers). Further, like a police officer, a deputy marshal's relationship to the town is purely contractual. The town's legislative body fixes the amount of compensation and the term of the marshals. I.C. 36–5–7–6. Furthermore, the deputy marshal is hired by and subject to the control and supervision of the marshal. I.C. 36–5–7–6. Both police and the deputy marshal are subject to the same disciplinary procedures. Therefore, we hold that like city police officers, deputy marshals are employees of the town. Thus, I.C. 36–8–3–12 does not contravene Art. II, § 9 of the Indiana Constitution.

Beier also asserts that the injunction was properly issued because Gaskin engaged in a conflict of interest which is against the public policy of this state and violates I.C. 35–44–1–3, which provides in part:

> A public servant who knowingly or intentionally: (1) has a pecuniary interest in; or (2) derives a profit from; a contract or purchase connected with an action by the governmental entity served by the public servant commits a conflict of interest, a class D felony.

As this is a civil proceeding, the trial court wisely refused to make a determination as to whether Gaskin violated a criminal statute. However, Beier argues that this statute, along with Art. II, § 9 and Art. III, § 1 of the Indiana Constitution, demonstrate a strong public policy against dual office holding. We have already determined that Art. II, § 9 is inapplicable to the facts in this case. Article III, § 1 provides:

> The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of the other, except as in this Constitution expressly provided.

 It has long been held that this article relates only to the state government and officers charged with duties under one of the separate departments of the state and not to municipal governments and officers. Mogilner v. Metropolitan Plan Comm. of Marion Co. (1957), 236 Ind. 298, 140 N.E.2d 220; Sarlls v. State ex rel. Trimble (1929), 201 Ind. 88, 166 N.E. 270; Livengood v. City of Covington (1924), 194 Ind. 633, 144 N.E. 416; Baltimore & O.R. Co. v. Town of Whiting (1903), 161 Ind. 228, 68 N.E. 266; Willsey v. Newlon (1974), 161 Ind.App. 332, 316 N.E.2d 390; contra Rush v. Carter (1984), Ind.App., 468 N.E.2d 236.[3] Thus, Art. III, § 1 is not violated by Gaskin's simultaneous service as deputy marshal and council member.

An injunction is an extreme remedy which should be granted with caution. Gaskin's simultaneous service as trustee and deputy marshal does not violate the

---

**3.** In Rush v. Carter (1984), Ind.App., 468 N.E.2d 236, the court held that a county police officer's contemporaneous holding of his position as policeman and a post on the county council violated Art. III, § 1 of the constitution. The court reasoned:

> We are of the opinion that the contemporaneous holding by the same person of positions on the county council and as a county policeman is violative of this constitutional provision. Because a county is an involuntary political or civil division of the state government, Applegate [v. State ex rel Pettijohn (1933), 205 Ind. 122, 185 N.E. 911], we are of the further opinion that Rush is bound by that constitutional provision in the same manner as state employees and officers.

Id. at 238. Applegate was a mandamus action brought by the state to compel the Hamilton County Auditor to issue payment to the County Deputy treasurer for payment for her services. The court stated that "counties are but subdivisions of the state," and the authority of its officers is limited to that which is granted by the Legislature. The Auditor could not therefore be forced to pay the deputy treasurer out of public funds where the auditor had not been authorized to do so.

As Applegate did not arise in the context of an Art. III, § 1 challenge, and given the line of authority that Art. III, § 1 applies only to state government offices, we decline to follow the reasoning of the Rush court.

Indiana Constitution nor is it prohibited by statute. Beier argues that it is contrary to public policy for Gaskin, as trustee, to be setting his salary and benefits as deputy marshal. The trial court's decision was based in a large part on public policy reasons as evidenced by the court's order granting Gaskin's request for modification of the injunction:

> This Court recognizes that Indiana Code 34–4–4–1 states that Article 4 thereof applies to cities and that by the Court's application of 34–4–4–2 in its Permanent Injunction to towns, said decision extended the application of section 2 to towns based upon public policy reasons which the Court believes should apply equally to the separation of powers of government of any municipality.
>
> * * * * * *
>
> Thus, although the Court recognizes that this decision is one based partially on broad and literal statutory interpretation and mostly on public policy and fairness concerns....

(R. 175).

█ The legislature is the arbiter of public policy. *Hamblen v. Danners, Inc.* (1985), Ind.App., 478 N.E.2d 926. Indiana Code 36–8–3–12, which specifically authorizes a town police officer to be a candidate for elective office and to serve if elected, is a clear statement of public policy by the legislature which we are constrained to follow.

REVERSED.

RUCKER and CHEZEM, JJ., concur.