Walter THOMPSON, Appellant–Plaintiff,

v.

Mark HAYS, Appellees–Defendant.

No. 72A01–0607–CV–294.

Court of Appeals of Indiana.

June 6, 2007.

Joseph Leon Payne, Joseph L. Payne, P.C., Austin, IN, Attorney for Appellant.

Robert L. Barlow, II, Barlow Law Office, Madison, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issue

Walter Thompson sued Mark Hays, seeking a declaratory judgment that Hays was holding two lucrative offices and also seeking an order that Hays reimburse the county for the compensation he received for one of the offices during the time of dual office-holding, plus treble damages. Hays filed a motion to dismiss, which was

granted by the trial court. Thompson appeals, raising the sole issue of whether the trial court properly granted the motion to dismiss. Concluding that Hays was not holding two lucrative offices because a sheriff's deputy is an employee, not a public officer, we affirm the decision of the trial court.

*Facts and Procedural History* [1]

For some time prior to January 1, 2003, Hays was a Scott County Sheriff's Deputy. In the November 2002 general election, Hays was elected a Scott County Commissioner for District 3 and took office on January 1, 2003. He also continued to work as a deputy sheriff.

On March 22, 2006, Thompson, a resident of and property-holder in Scott County, filed a complaint against Hays alleging that in his positions as a Scott County Commissioner and Sheriff's Deputy, Hays was holding two lucrative offices.[2] Thompson sought a declaratory judgment finding that Hays could not hold both offices at the same time and removing him from his position as a deputy sheriff. Thompson also sought an order directing Hays to reimburse the county for the pay he had accepted for his position as a deputy sheriff since January 1, 2003, and treble damages for "exert[ing] unauthorized control over the property of Scott County, Indiana, with the intent to permanently deprive the county of the use thereof in violation of Indiana Code [section] 35–43–4–1 . . . ." Appellant's Appendix at 28.

Hays filed an answer, a counterclaim, and a motion to dismiss. In his motion to dismiss, Hays alleged that Thompson's complaint failed to state a claim on which relief could be granted. After a hearing, the trial court entered the following order:

> The Court having considered the arguments of counsel and the materials received from both attorneys . . . determines that [Hays'] Motion to Dismiss is well taken and should be granted. See *Gaskin v. Beier,* 622 N.E.2d 524 (Ind.Ct. App.1993).
>
> The Complaint is ordered DISMISSED.

*Id.* at 4. Thompson then initiated this appeal.

*Discussion and Decision*

I. Standard of Review

 The standard of review of a trial court's decision on a motion to dismiss for failure to state a claim is de novo. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct. App.2001). On appeal, we do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. *Id.* That is, the grant or denial of a motion to dismiss turns solely on the legal sufficiency of the claim and does not require determinations of fact. *Id.*

 Because an Indiana Trial Rule 12(B)(6) motion to dismiss tests the legal sufficiency of a claim, and not the facts supporting it, we must view the allegations of the complaint and reasonable inferences therefrom in the light most favorable to the non-moving party and determine whether the complaint states any facts upon which the trial court could have granted relief. *Weiss v. Indiana Parole*

---

1. We heard oral argument at East Central High School in St. Leon, Indiana on March 1, 2007. We thank the administration, staff, and students of the school for their hospitality and attention.

2. According to the parties' assertions at oral argument, Thompson's complaint was filed just a few weeks before the May 2006 primary election in which Hays was a candidate for re-election as a county commissioner. Hays won re-election in 2006 and continues to serve as a county commissioner.

*Bd.*, 838 N.E.2d 1048, 1050 (Ind.Ct.App. 2005), *trans. denied.* If a complaint states a set of facts which, even if true, would not support the relief requested therein, we will affirm the dismissal. *Id.*

## II. Two. Lucrative Offices

Article II, section 9 of the Indiana Constitution provides, in part, that "no person may hold more than one lucrative office at the same time, except as expressly permitted in this Constitution." Thompson's complaint alleged that by being both a deputy sheriff and a county commissioner, Hays was holding two lucrative offices at the same time in violation of this provision.[3]

■ A "lucrative office" is defined as "an office to which there is attached a compensation for services rendered." *McCullough v. McCullough*, 705 N.E.2d 190, 196 (Ind.Ct.App.1999) (quoting *Book v. State Office Bldg. Comm.*, 238 Ind. 120, 149 N.E.2d 273, 289 (1958)). We have defined an office, as that term is used by Article II, section 9, as "a position for which the duties include the performance of some sovereign power for the public's benefit, are continuing, and are created by law instead of contract." *Gaskin v. Beier*, 622 N.E.2d 524, 528 (Ind.Ct.App.1993), *trans. denied* (quoting *Mosby v. Bd. of Comm'rs of Vanderburgh County*, 134 Ind. App. 175, 178–79, 186 N.E.2d 18, 20–21 (1962)). "An officer is also distinguished by his power of supervision and control and by his liability to be called to account as a public offender in case of malfeasance in office." *Id.*

The parties agree that county commissioner is a lucrative office. *See* Appellant's Brief at 6 ("The law in Indiana is long-standing that the office of County Commissioner is a lucrative office...."); Appellee's Brief at 4 ("We are in agreement with Thompson in the fact that the office of County Commissioner is a lucrative office."). They part ways, however, on the issue of whether deputy sheriff is also a lucrative office.

In granting Hays' motion to dismiss, the trial court cited *Gaskin v. Beier*, in which this court considered whether a person who was both a deputy town marshal and a member of the town board of trustees was occupying two lucrative offices. Citing case law holding that city police officers are not "officers," but employees whose relationship with the city is strictly contractual, we concluded that the position and duties of a deputy town marshal are similar to those of a city police officer and therefore, a deputy town marshal is an employee and the defendant could hold both positions.[4] 622 N.E.2d at 528–29.

Hays contends that *Gaskin* is directly on point and supports the trial court's decision. Thompson contends that because *Gaskin* dealt with town/city government and this case deals with county government, *Gaskin* does not decide the outcome of this case. Given the factual differences between this case and *Gaskin*, we agree with Thompson that *Gaskin* is not controlling by itself.

Thompson contends that *Rush v. Carter*, 468 N.E.2d 236 (Ind.Ct.App.1984), *trans.*

---

**3.** Indiana Code section 3–8–1–3 also prohibits a person from holding two lucrative offices: "A person may not hold more than one (1) lucrative office at a time, as provided in Article 2, Section 9 of the Constitution of the State of Indiana."

**4.** The court also determined that the statute specifically authorizing a member of a city police department to be a candidate for an elective office and serve if elected or to be appointed to an office and serve if appointed does not contravene Article II, section 9. *Id.* at 529.

*denied*, supports his assertion that deputy sheriff is a lucrative office. In *Rush*, the court was called upon to decide whether a county police officer could also be a county council member. The court concluded that he could not; however, the decision was based not upon Article II, section 9, but upon Article III, section 1, which prohibits a person who is charged with duties under one of the three separate branches of government from exercising any of the functions of another branch. *Id.* at 238. Because a county council member is a member of the legislative branch, and a county policeman is a member of the executive branch, the court concluded that holding both offices was prohibited. *Id.*[5] Even though Rush was not decided on the basis of Article II, section 9, the court nonetheless addressed that provision, noting previous caselaw holding that deputy county officers were "public officers" and not mere employees, *see Applegate v. State ex rel. Pettijohn*, 205 Ind. 122, 185 N.E. 911 (1933), but also noting that subsequent legislation had changed the status of members of a county sheriff's department from the "traditional concept of sheriff's deputy into that of a professional police officer ... comparing favorably in many respects with the employer-employee relationships associated with municipal police and fire departments and the state police." *Rush*, 468 N.E.2d at 237. The court noted that if it were deciding the case solely on the basis of Article II, section 9, "it may well be that [the county police officer/county councilman] could prevail." *Id.* Thus, *Rush* does not fully support Thompson's contention that being a sheriff's deputy is holding an office.

Although neither *Gaskin* nor *Rush* are dispositive of the specific issue presented by this case, both are instructive. Based in part upon the reasoning in *Gaskin* and in part upon the statutes referenced in *Rush*, we conclude that a deputy sheriff is an employee rather than a public officer.[6] Unlike the sheriff, who is elected by the residents of the county, Ind. Const. Art. VI, sec. 2, a deputy sheriff's relationship to the county is contractual. Indiana Code section 36–8–10–4(a) provides that "[a] county police force is established in each county. The members are employees of the county, and the sheriff of the county shall assign their duties according to law." The county fiscal body determines the number of full-time or part-time deputies who may be appointed by the sheriff, Ind.Code § 36–2–16–4,[7] as well as the amount of compensation for sheriff's deputies, Ind.Code § 36–8–10–4(c). Depu-

---

5. As a county board of commissioners exercises powers of the executive branch, *see* Ind. Code § 36–1–2–5(1) (" 'Executive' means board of commissioners for a county not having a consolidated city...."), and the sheriff's department is an arm of the executive branch as well, there is no Article III, section 1 issue herein.

6. We note that in *Harden v. Whipker*, 646 N.E.2d 727, 729 (Ind.Ct.App.1995), a panel of this court held, based upon *Gaskin*, that a deputy sheriff was an employee of the county rather than a public officer and therefore, the defendant could be both a deputy sheriff and a county councilman without offending Article II, section 9. Our supreme court granted transfer in *Harden*, thereby vacating our opin-

ion. Because the defendant was thereafter defeated in his bid for re-election to the county council, the supreme court determined that the issue had become moot and dismissed the appeal. As the grant of transfer was not vacated, the court of appeals opinion is of no precedential value. *See Estate of Helms v. Helms–Hawkins*, 804 N.E.2d 1260, 1268 n. 4 (Ind.Ct.App.2004), *trans. denied* (stating that when transfer is granted and opinion vacated, the court of appeals opinion has no precedential value).

7. The sheriff is entitled by statute to appoint one first or chief deputy. Ind.Code § 36–2–16–4.

ty sheriffs are appointed by the sheriff and are subject to the control and supervision of the sheriff.[8] A deputy so appointed "may perform all the official duties of the officer who appointed him. . . ." Ind.Code § 36–2–16–3(a). Indiana Code section 36–2–13–5 describes the official duties of the sheriff. Indiana Code section 36–8–10–9 mirrors those duties in describing the duties of a member of the sheriff's department. Although section 36–8–10–9 *describes* the duties of members of the sheriff's department, it does not *create* the duties. It is the county fiscal body and the sheriff in authorizing and appointing a deputy that creates the duties, and that is a matter of contract. Deputy sheriffs have duties imposed by contract and are subject to the supervision and control of the sheriff in hiring, assignment of duties, and discipline or dismissal, in contrast to the common "definition" of a public officer as one with duties imposed by law and powers of supervision and control. *See Gaskin,* 622 N.E.2d at 528.

Our decision that deputy sheriffs are employees is consistent with both existing case law and legislative intent.[9] As *Gas-*

*kin* noted, prior case law had already determined that city police officers are employees rather than public officers. 622 N.E.2d at 528. *Gaskin* itself decided that deputy town marshals are employees. *Id.* There is nothing significantly different about sheriff's deputies and city police officers or deputy town marshals and no compelling reason to come to a different conclusion herein. Moreover, we note that the legislature has expressed a clear intent that sheriff's deputies be considered employees. Indiana Code section 36–8–10–11(c)(1) provides that a county police officer may "be a candidate for elective office and serve in that office if elected." Indiana Code section 5–6–4–3, which neither party cited in their briefs to this court and upon which we therefore do not rely, states that "[f]or purposes of Article 2, Section 9 of the Constitution of the State of Indiana, the position of appointed deputy of an officer of a political subdivision . . . is not a lucrative office."[10]

*Conclusion*

For the reasons stated herein, we hold that a sheriff's deputy is not the holder of

8. The sheriff has complete hiring authority over the position of chief deputy. Ind.Code § 36–8–10–5.5.

> [F]or all other ranks, grades, or positions established, the sheriff and the [merit] board shall set reasonable standards of qualifications, shall fix the prerequisites of training, education, and experience, shall devise and administer examinations designed to test applicants for the qualifications required for the respective ranks, grades, or positions, and thereafter shall jointly prepare a list naming only those applicants who in their opinion best meet the prescribed standards and prerequisites. Only then may the sheriff appoint county police officers, and only from among the persons whose names appear on this list.

*Murray v. Hamilton County Sheriff's Dep't,* 690 N.E.2d 335, 341 (Ind.Ct.App.1997) (citing Ind.Code § 36–8–10–10). A deputy is on probation for a period of one year after appoint-

ment. Ind.Code § 36–8–10–10(b), and thereafter can only be disciplined or dismissed in accordance with the procedures described in Indiana Code section 36–8–10–11.

9. We note that the Indiana Attorney General reached the opposite conclusion. 1962 Ind. OAG No. 15. However, that opinion predates the statutes we have discussed herein, and further, Attorney General Opinions are without precedential effect and are not binding on this court. *Common Council of City of Peru v. Peru Daily Tribune, Inc.,* 440 N.E.2d 726, 728 n. 4 (Ind.Ct.App.1982).

10. The constitutionality of this statute has not been previously litigated in the courts of this state and we do not rely on it here because the parties have not argued its applicability or constitutionality. We refer to it only inasmuch as it is a clear statement of legislative intent with respect to this issue.

a lucrative office for purposes of Article II, section 9. The trial court's decision dismissing Thompson's complaint for failure to state a claim is, therefore, affirmed.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.