# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**ELIJAH D. BACCUS**
**MARILYN L. WIDMAN**
Allotta**,** Farley & Widman Co., LPA
Toledo, Ohio

ATTORNEY FOR APPELLEE MAC
CONSTRUCTION AND EXCAVATING:

**LESLIE C. SHIVELY**
Shively & Associates, P.C.
Evansville, Indiana

ATTORNEY FOR APPELLEE CITY OF
JEFFERSONVILLE ET AL.:

**R. THOMAS LOWE**
Corporation Counsel
City of Jeffersonville
Jeffersonville, Indiana

**FILED**

Aug 31 2012, 9:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICIA J. BARROW and CHARLIE HANKA, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 10A05-1112-PL-647 |
| | ) | |
| CITY OF JEFFERSONVILLE, JEFFERSONVILLE PLANNING AND ZONING DEPARTMENT, JEFFERSONVILLE BOARD OF ZONING APPEALS, JEFFERSONVILLE BUILDING COMMISSION, MAC CONSTRUCTION AND EXCAVATING, and INGRAM LAND CORP.,[1] | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE CLARK SUPERIOR COURT
The Honorable Jerry F. Jacobi, Judge
The Honorable Daniel Donahue, Senior Judge
Cause No. 10D02-1008-PL-1282

**August 31, 2012**
**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Ingram Land Corp. is not seeking relief on appeal and has not filed a brief as either appellant or appellee. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

Patricia J. Barrow ("Barrow") and Charlie Hanka ("Hanka") (collectively, "the Plaintiffs") appeal the trial court's order granting summary judgment in favor of City of Jeffersonville ("the City"), Jeffersonville Planning and Zoning Department, Jeffersonville Board of Zoning Appeals, Jeffersonville Building Commission, MAC Construction and Excavating ("MAC"), and Ingram Land Corp. (collectively, "the Defendants") on the Plaintiffs' complaint for declaratory judgment and mandatory injunction. The Plaintiffs raise several issues on appeal, which we consolidate and restate as:

I.      Whether the statute of limitations established in Indiana Code section 34-11-2-6 is applicable to this case, specifically whether the Director of the City's Planning and Zoning Department and the City's Building Commissioner are public officers; and

II.     Whether the Plaintiffs' cause of action is barred by the statute of limitations.

We affirm in part, reverse in part, and remand.

**FACTS AND PROCEDURAL HISTORY**

During the summer of 2005, Dan Marra ("Marra"), attorney for Liter's Quarry ("Liter's"), contacted Chester Hicks ("Hicks"), who was the City's Director of Planning and Zoning ("the Director") at the time, regarding a zoning interpretation on the parcel of land located at 1415 Quarry Road, Jeffersonville, Indiana ("the Property"). Liter's was the leaseholder of the Property and sought a zoning interpretation to allow it to lease a section of the Property to MAC for the operation of an asphalt plant. The Property was operated by Liter's as a quarry and had been designated as an I1 Business Park/ Light Industrial use under the City's Zoning Ordinance. In a letter to Marra dated July 14, 2005, Hicks stated that "Article Ten of the Jeffersonville Zoning Ordinance permits the . . . Director to allow one

2

nonconforming use to be equally appropriate or more appropriate to the zoning district than the existing one." *Appellants' App*. at 28; *Appellee MAC's App*. at 40. Hicks further stated that he found the conversion of a part of the Property to an asphalt plant to be "a more appropriate use in the I1 district because it would generate less noise, vibration, and debris than a quarry operation." *Appellants' App*. at 28; *Appellee MAC's App*. at 40. On August 4, 2005, an Improvement Location Permit ("ILP") was issued for the Property and signed by Russell Segraves ("Segraves"), the City's Building Commissioner ("Commissioner").

The duties of Hicks as Director are set forth in the City's Zoning Ordinance. Hicks testified at his deposition that his duties and responsibilities included the administrative function of interpreting the City's Zoning Ordinance. *Appellee MAC's App*. at 48. He also testified that the Director performed all of the administrative functions of the City's Planning and Zoning Department. *Id*. at 50-53. Segraves testified at his deposition that the duties of the Commissioner are set out in the City Ordinance 87-OR-53. *Id*. at 58-59. He further testified that the Commissioner is the sole official in the City's Building Commission responsible for issuing permits and exercising his authority and that the Commission is not governed by a board. *Id*. at 59-66.

The Plaintiffs filed a complaint on August 16, 2010, requesting a declaratory judgment action against the Defendants stating that the July 14, 2005 zoning interpretation and the August 4, 2005 ILP were improperly issued and requesting a mandatory injunction revoking both the zoning interpretation and the ILP. MAC filed an answer and motion for judgment on the pleadings, arguing that the action was barred by the statute of limitations set forth in Indiana Code section 34-11-2-6. The trial court held a hearing as to the motion for

3

judgment on the pleadings, and after the hearing, the trial court determined that, before ruling on the motion, it was necessary for a supplemental hearing to hear evidence as to whether Hicks and Segraves were "public officers" for purposes of Indiana Code section 34-11-2-6. On July 25, 2011, MAC filed a motion for summary judgment, again asserting that the Plaintiffs' claims were barred by the statute of limitations. The Plaintiffs filed a cross-motion for summary judgment. On October 17, 2011, the trial court granted summary judgment in favor of the Defendants, and on November 10, 2011, the trial court signed the final order granting summary judgment. The Plaintiffs now appeal.

## DISCUSSION AND DECISION

### Standard of Review

On appeal from a grant of summary judgment, our standard of review is the same as that of the trial court. *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.,* 832 N.E.2d 559, 562 (Ind. Ct. App. 2005). We stand in the shoes of the trial court and apply a *de novo* standard of review. *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *Wilcox Mfg.*, 832 N.E.2d at 562. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are

construed in favor of the nonmoving party. *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied.*

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Cox*, 848 N.E.2d at 695-96. Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

### Statute of Limitations

The statute of limitations at issue in the present case states:

An action against:

(A) a sheriff;

(B) another public officer; or

(C) the officer and the officer's sureties on a public bond;

growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, must be commenced within five (5) years after the cause of action accrues. However, an action may be commenced against the officer or the officer's legal representatives, for money collected in an official capacity and not paid over, at any time within six (6) years after the cause of action accrues.

Ind. Code § 34-11-2-6.

5

## I. Whether Hicks and Segraves Were Public Officers

The Plaintiffs argue that the trial court erred when it found Hicks and Segraves were public officers protected by the statute of limitations contained in Indiana Code section 34-11-2-6. They contend that Hicks and Segraves were not public officers because they did not meet the necessary criteria to be considered a public officer in Indiana. The Plaintiffs assert that the individual must serve in a position that is either elected or appointed, that such position must have sovereign power prescribed by law not contract, and that the individual must have taken an oath of office within thirty days of taking office. Because Hicks and Segraves did not meet any of these criteria, the Plaintiffs claim that the statute of limitations in Indiana Code section 34-11-2-6 does not apply to the facts of this case.

This case presents an issue of first impression in Indiana as we have found no Indiana authority defining public officer as it applies to Indiana Code section 34-11-2-6. Although both sides cite to Indiana cases and statutes defining public officer, the cited authorities do not specifically define the term public officer as it is used in Indiana Code section 34-11-2-6. In *Mosby v. Board of Commissioners of Vanderburgh County*, 134 Ind. App. 175, 186 N.E.2d 18 (1962), this court held that a person appointed as a county park manager by the county park board pursuant to statute, and who was required to execute a bond but who did not take an oath, was not an officer but an employee whose three-year contract of employment, which was given before his original contract had expired, was not void under the Indiana rule that an appointment to fill a vacancy in an office is void if there is no vacancy. 134 Ind. App. at 182, 186 N.E.2d at 22. In making such a determination, the court stated that, "[g]enerally, one who holds an elective or appointive position for which public

6

duties are prescribed by law is a 'public officer.'" 134 Ind. App. at 179, 186 N.E.2d at 20. Further, the court stated that "[t]he oath and bond, being merely incidents, and not requirements, of public office, do not serve as absolute guides in determining the character of a position . . . [but that] their absence is strong evidence, when considered with other criterion, that the position is one of employment rather than public office." 134 Ind. App. at 181, 186 N.E.2d at 21.

Although not directly associated with Indiana Code section 34-11-2-6, many definitions of public officer may be found in Indiana law. Under Indiana Code section 5-13-4-21, which is applicable to Article 13, the Investment of Public Funds, public officer is defined as:

> any person elected or appointed to any office of the state or any political subdivision. "Public officer" includes an officer of all boards, commissions, departments, institutions, and other bodies established by law to function as a part of the government of the state or political subdivision that are supported wholly or partly by appropriations of money made from the treasury of the state or political subdivision or that are supported wholly or partly by taxes or fees. "Public officer" does not include an officer of an independent body politic and corporate set up as an instrumentality of the state but not constituting a political subdivision.

Ind. Code § 5-13-4-21. In the context of defamation, Indiana courts have stated that the designation of "public official" "applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs. *Beeching v. Levee*, 764 N.E.2d 669, 676 (Ind. Ct. App. 2002). Further, "[w]here a position in government has such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and

7

performance of all government employees," the defamation standards applicable to public officials apply. *Id.*

Additionally, although there is no state law defining public officer as it applies to Indiana Code section 34-11-2-6, in *Blake v. Katter*, 693 F.2d 677 (1982), *overruled on other grounds*, the Seventh Circuit, applying Indiana law, analyzed whether a state police officer was a public officer under Indiana Code section 34-1-2-2(2), the predecessor to the statute at issue here. In that case, the Seventh Circuit defined a public officer as "one who held an office having special duties prescribed by law to serve a public purpose, and that those duties were invested with 'some of the functions pertinent to sovereignty.'" *Blake*, 693 F.2d at 680 (quoting *Bottos v. Avakian*, 477 F. Supp. 610, 614 (N.D. Ind. 1979)). Applying this definition, the court found that a state police officer was a public officer.

Taking all of these authorities into consideration, we believe that in order for an individual to be a public officer under Indiana Code section 34-11-2-6, it must be determined that the individual holds a position for which duties are prescribed by law to serve a public purpose. We further conclude that the taking of an oath is not required to be a public officer, but the fact that one has been taken is a strong indicator of the position being one of a public officer. Having established a definition of public officer to be used when applying Indiana Code section 34-11-2-6, we now proceed to apply the definition to the present case.

Here, the evidence shows that both the position of Director and the position of Commissioner were established by ordinance. The duties of Hicks as Director were set forth in Article 11 of the City's Zoning Ordinance, which stated that the Director "will have the principal responsibility for administration and enforcement (or coordination of enforcement)

8

of this Ordinance within the Plan Commission's planning jurisdiction." *Appellee MAC's App*. at 42-44. Hicks testified at his deposition that his duties and responsibilities included the administrative function of interpreting the City's Zoning Ordinance. *Id*. at 48. He also testified that the Director performed all of the administrative functions of the City's Planning and Zoning Department. *Id*. at 50-53. Segraves testified at his deposition that City Ordinance 87-OR-53 gives the authority for the Commissioner to perform his duties. *Id*. at 58-59. The Ordinance stated, "[t]he . . . Commissioner and his duly authorized representatives are hereby authorized and directed to administer and enforce all of the provisions of this Code." *Id*. at 45. He further testified that the Commissioner is the sole official in his department responsible for issuing permits and exercising his authority and that the department is not governed by a board. *Id*. at 59-66. We therefore conclude that, based on the designated evidence, Hicks and Segraves, as Director and Commissioner respectively, were public officers because both held positions for which duties are prescribed by law to serve a public purpose. Further, although the evidence did not establish that either Hicks or Segraves took an oath, this is of no moment based on the other evidence presented.

Additionally, the Plaintiffs argue that liability cannot be imposed on either Hicks or Segraves, and consequently, the statute of limitations under Indiana Code section 34-11-2-6 could not apply, because neither man was named individually in the complaint. The allegations in the complaint were based upon actions of Hicks and Segraves taken in their official capacity. Indiana Code section 34-11-2-6 applies to all actions involving a public officer performing an act in an official capacity. Omitting the names of Hicks and Segraves from the complaint does not change the nature and substance of the cause of action at hand.

9

Our Supreme Court has stated that "'it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations.'" *Shideler v. Dwyer*, 275 Ind. 270, 276, 417 N.E.2d 281, 285 (1981) (quoting *Koehring Co. v. Nat'l Automatic Tool Co.*, 257 F. Supp. 282, 292 (S.D. Ind. 1966)). Therefore, as the Plaintiffs' complaint is based upon the actions of Hicks and Segraves in their respective official capacities as public officers, the absence of their names as individual parties has no effect on the nature or substance of the Plaintiffs' cause of action or relief sought.

The Plaintiffs also contend that Segraves as Commissioner did not sign or authorize the issuance of the ILP, and therefore the statute of limitations under Indiana Code section 34-11-2-6 is not applicable. However, in their complaint in paragraph 33(B), the Plaintiffs stated that the City's Building Commission "issued a permit for the construction and operation of an asphalt plant on a quarry that already had a Legal Non-Conforming use under [the City's] Zoning Ordinance." *Appellants' App*. at 16. Additionally, in paragraph 38, they stated that the Building Commission "issued an [ILP] for an I-2 use, i.e., the asphalt plant, in an area zoned I-1, in violation of [Indiana Code section] 36-7-4-801." *Id*. at 17. In his deposition, Segraves testified that the terms Building Commission and Building Commissioner were synonymous and that, if the Building Commission does something, he, as Commissioner, is the one who actually does it. *Appellee MAC's App*. at 59. The permit issued on August 4, 2005 was attached to the complaint and contained Segraves's signature as Commissioner. Therefore, the Plaintiffs' contention that Segraves, as Commissioner, did not authorize or approve the ILP, is not supported by the evidence. The trial court did not err

10

when it determined that Hicks and Segraves were public officers and that the statute of limitations in Indiana Code section 34-11-2-6 was applicable to this case.

## II. Whether Cause of Action is Barred by Statute of Limitations

The Plaintiffs argue that the trial court erred in granting summary judgment in favor of the Defendants because the Plaintiffs' cause of action was not barred by the five-year statute of limitations under Indiana Code section 34-11-2-6. They contend that their cause of action could not have accrued until they knew or, in the exercise of ordinary diligence, should have known of the injury alleged. The Plaintiffs therefore assert that neither July 14, 2005, the date of the letter from Hicks to Marra, nor August 4, 2005, the date the ILP was issued, can be used as the date on which their cause of action accrued because they could not have learned of these actions on those dates as they were not public occurrences. They claim that the earliest date on which they could have learned of the construction of the asphalt plant was November 30, 2005, the date of the public hearing regarding the Indiana Department of Environmental Management ("IDEM") permit, and as that is the proper date on which their cause of action accrued, their complaint (filed on August 16, 2010) was filed within the statute of limitations.

Under Indiana Code section 34-11-2-6, an action against a public officer growing out of liability incurred by doing an act in the public officer's capacity must be commenced within five years after the cause of action accrues. Statutes of limitation seek to provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society. *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1279 (Ind. 2009). Under Indiana's discovery rule, a cause of action accrues, and the statute of

11

limitation begins to run, when a claimant knows or in exercise of ordinary diligence should have known of the injury. *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008). For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable, but only that some ascertainable damage has occurred. *Id.* "'The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.'" *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006) (quoting *Mitchell v. Holler*, 429 S.E.2d 793, 795 (S.C. 1993)).

Here, the complained of events, the zoning interpretation letter and the issuance of the ILP, occurred on July 14, 2005 and August 4, 2005, respectively. The July 14 letter was written by Hicks and addressed to Marra, the attorney representing Liter's, and Hicks's decision regarding the zoning interpretation was not communicated to the public. The Plaintiffs could not have learned of this letter on July 14, 2005 with the exercise of reasonable diligence, and the statute of limitations did not begin to run on that date. The ILP was issued on August 4, 2005, but the designated evidence does not establish that either Segraves or the Commission notified the public of the issuance of this permit on that date. Therefore, even with the exercise of reasonable diligence, the Plaintiffs could not have discovered this action by Segraves on August 4, 2005.

In addition to obtaining the zoning interpretation from Hicks and the ILP from Segraves, MAC was also required to obtain a permit from IDEM in order to construct and operate the asphalt plant. Although it is not clear from the evidence when it was issued, a

12

"Notice of Public Hearing" regarding the IDEM permit set the date for such public hearing as November 30, 2005. *Appellee's MAC App*. at 170. Therefore, the Plaintiffs could have discovered their complained of injury through the exercise of reasonable diligence as of the date of November 30, 2005. We conclude that the earliest date on which the Plaintiffs could have known of the injury on which they based their complaint was November 30, 2005, which is the date upon which their cause of action accrued. The statute of limitations began running on that date, and under Indiana Code section 34-11-2-6, their action was required to be commenced within five years of that date. The Plaintiffs filed their complaint on August 16, 2010, which was within five years of the date on which the cause of action accrued. Therefore, the Plaintiffs' complaint was timely filed within the statute of limitations, and the trial court erred in granting summary judgment in favor of the Defendants.

Affirmed in part, reversed in part, and remanded.

BAKER, J., and BROWN, J., concur.