## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 13 2019, 8:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Terry K. Hiestand
Hiestand Law Office
Chesterton, Indiana

ATTORNEY FOR APPELLEE

Steven J. Scott
Hodges & Davis, P.C.
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Hiller d/b/a Hiller & Sons,

*Appellant-Defendant,*

v.

City of Portage,

*Appellee-Plaintiff.*

August 13, 2019

Court of Appeals Case No. 18A-CC-3129

Appeal from the Porter Superior Court

The Honorable Roger V. Bradford, Judge

Trial Court Cause No. 64D01-1605-CC-4460

**Friedlander, Senior Judge.**

[1] Richard Hiller d/b/a Hiller & Sons (Hiller) appeals the trial court's order denying his motion for judgment on the pleadings and granting the City of Portage's (City) motion for partial summary judgment. Concluding that

genuine issues of material fact remain, we affirm in part and reverse and remand in part for further proceedings.

[2] In the early 2000's, Hiller developed the Austin Hills Subdivision in the City. As part of developing the subdivision, Hiller agreed to provide the public improvements for each phase, including the final surfacing of roads. By 2005, Phases I-V were complete, and the public improvements for Phase VI, the final phase, were complete except the final surfacing of roads. In order to secure the completion of the public improvements for Phase VI, on October 17, 2005, Hiller provided to the City an Irrevocable Letter of Credit in the amount of $41,500 issued by the First State Bank of Porter (Bank). The amount of the Letter of Credit was based on estimates Hiller provided to the City, which the City found to be appropriate and accepted.

[3] By 2015, the final surfacing of roads for Phase VI had yet to be completed. The City sought bids from two contractors to perform the work, one of which completed the final surfacing and repair work at a cost of $146, 921. The City drew on the $41,500 available pursuant to the Letter of Credit and filed suit against Hiller in May 2016 seeking the remainder.

[4] In October 2017, Hiller filed a motion for summary judgment, arguing that the City's complaint was not filed within any relevant statutes of limitation. The City filed a response, and, following a hearing, the court denied Hiller's motion. Hiller sought and received from the trial court certification of its order for

interlocutory appeal; however, this Court denied his motion to accept jurisdiction of the appeal.

[5] In September 2018, the City filed its motion for partial summary judgment as to liability, claiming that Hiller had agreed to complete the final layering of the road in Phase VI, that after ten years he had not completed the final layering, and that he was liable for the cost the City incurred in having the work completed. In response, Hiller filed a motion for judgment on the pleadings, arguing that the City failed to state a claim upon which relief can be granted and that the City's claims are time-barred. The court treated Hiller's motion as a response to the City's motion for summary judgment. In November, following a hearing, the court granted the City's partial motion for summary judgment as to liability and denied Hiller's motion. Hiller now appeals.

[6] Given that Hiller presented matters outside the pleadings in support of his motion for judgment on the pleadings, we will treat his motion as one for summary judgment, as did the trial court, and review it accordingly. *See* Ind. Trial Rule 12(C). We review de novo a trial court's ruling on summary judgment. *Morris v. Crain*, 71 N.E.3d 871 (Ind. Ct. App. 2017). We apply the same standard of review as the trial court: summary judgment is appropriate only where the designated evidentiary matter shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421 (Ind. 2015); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment is limited to those materials specifically designated to the trial court, and all facts and

reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Sheehan Const. Co., Inc. v. Cont'l Cas. Co.*, 938 N.E.2d 685 (Ind. 2010). Summary judgment is not a summary trial, and it is inappropriate merely because the nonmoving party appears unlikely to prevail at trial. *Morris*, 71 N.E.3d 871. Finally, that the parties made cross motions for summary judgment does not alter our standard of review; rather, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Pond v. McNellis*, 845 N.E.2d 1043 (Ind. Ct. App. 2006), *trans. denied*.

[7] In his motion for judgment on the pleadings and in his brief to this Court, Hiller maintains that the City's complaint was untimely filed. "The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment." *Del Vecchio v. Conseco, Inc.*, 788 N.E.2d 446, 449 (Ind. Ct. App. 2003), *trans. denied*. As per Indiana's discovery rule, a cause of action accrues, and the statute of limitation begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury. *Barrow v. City of Jeffersonville*, 973 N.E.2d 1199 (Ind. Ct. App. 2012), *trans. denied*. For an action to accrue, it is not necessary that the full extent of the damage be known or even ascertainable but only that some ascertainable damage has occurred. *Id.* "The exercise of reasonable diligence means simply that an injured party must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." *Id.*

at 1206. The discovery rule applies to both tort and contract claims. *Del Vecchio*, 788 N.E.2d 446.

[8]     As we discuss below, the City's claim appears to be based on an oral contract. The statute of limitation for an oral contract is six years. Ind. Code § 34-11-2-7(1) (1998). Hiller points to October 2005 as the date any cause of action may have accrued. This claim rests on the issuance date of the Letter of Credit, which states it was established to guarantee completion of the public improvements to Phase VI of the Austin Hills Subdivision should there be any "performance deficiency." Appellant's App. Vol. 2, p. 29. There is also some evidence that Sandy McDaniel, project manager for the City, had some type of communication with Hiller in 2009 concerning a possible timeframe in which the final layering would be complete. On the other hand, the City claims it was not aware of its injury, and thus a cause of action did not accrue, until the time the final layer of asphalt was applied to the Phase VI roads in 2015.

[9]     We cannot say when, as a matter of law, the limitation period began to run because the evidence is in conflict. When there is a factual issue concerning the date on which a cause of action accrues, the question is generally one for the finder of fact. *Custom Radio Corp. v. Actuaries & Benefit Consultants, Inc.*, 998 N.E.2d 263 (Ind. Ct. App. 2013). Therefore, summary judgment premised on the expiration of the statute of limitation would have been inappropriate.

[10]    We turn now to the City's motion for summary judgment. The City refers only to an "agreement," but the gist of its claim against Hiller sounds in contract. In

order to recover for a breach of contract, a plaintiff must prove (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach. *Alexander v. Linkmeyer Dev. II, LLC*, 119 N.E.3d 603 (Ind. Ct. App. 2019).

[11] No written contract was designated by the City, and, at most, the uncontradicted designated evidence demonstrates some type of oral agreement between Hiller and the City. In his 2016 deposition, Hiller testified that work on Phase VI began in approximately 2005 and that his construction company was responsible for certain public improvements that he identified as sewer lines, water lines, street base, curbs, and two layers of asphalt. He further testified that he had agreed to complete all of these public improvements for Phase VI, including the final layer of asphalt for the roads.

[12] As to a breach of any such agreement, there is a genuine dispute. The City's designated evidence merely shows that by 2015 Hiller had not yet completed the final layering of roads in Phase VI. In the designated portion of her deposition, McDaniel testified that in 2015 the City was having some individual paving projects done, and the mayor asked for bids for the final layering of Phase VI. The City obtained two bids for the job and hired the contractor that submitted the lowest bid. However, McDaniel also testified that she was unaware of any notifications to Hiller after 2009 with regard to the final layering of Phase VI. In the designated portion of his deposition, Hiller testified that he typically waited until 90% of the lots in the phase had homes built on them before he completed the final layering.

[13]   The City has not produced any evidence demonstrating the terms of any agreement it had with Hiller. Consequently, there is no evidence outlining the parties' obligations or duties under the agreement, such as a time period within which Hiller was to have completed the final layering. Without some evidence of the terms of the parties' agreement, there can be no showing of a violation of such terms. The designated evidence clearly establishes a question of fact on the issue of whether Hiller breached any agreement by not completing the final layering by 2015. Accordingly, we cannot say the City was entitled to judgment as a matter of law.

[14]   For the reasons stated, we conclude that genuine issues of fact remain which preclude entry of judgment as a matter of law. Accordingly, we affirm the trial court's denial of Hiller's motion for judgment on the pleadings and reverse and remand for further proceedings on the trial court's grant of the City's motion for partial summary judgment.

[15]   Judgment affirmed in part and reversed and remanded in part.

Bailey, J., and Pyle, J., concur.